Traore ABOU, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Respondent.

No. 06–3070–ag.

United States Court of Appeals, Second Circuit.

April 4, 2007.

Barry Goldberg, Esq. New York, N.Y., for Petitioner.

Robert P. McIntosh, Ass't U.S. Attorney for the Eastern District of Virginia, for Chuck Rosenberg, U.S. Attorney for the Eastern District of Virginia, and Peter D. Keisler, Ass't Attorney General for the Civil Division of the Dep't of Justice, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS, III, Chief District Judge.*

### SUMMARY ORDER

Petitioner Abou Traore, a native and citizen of Mali, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Elizabeth A. Lamb's denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

Traore claims that he fears persecution on the basis of political opinion imputed to him due to his father's service in the government of a deposed president of Mali. He fears being subjected to torture if he is returned to Mali. The IJ and the BIA denied Traore's asylum application as time-barred, for failure to apply within one year of arrival without a valid excuse. *See* 8 C.F.R. § 208.4. Traore did not appeal this ruling to our court.

The IJ found Traore not to be credible based on inconsistencies between his testimony and his application for relief. The inconsistencies went to the essence of Traore's claim, namely the existence and the dates of the acts of persecution to which Traore claimed he was subjected. The decision of the IJ is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004) (internal quotation marks omitted). Substantial evidence also supports the IJ's finding that Traore did not show it is more likely than not that he will be tortured if returned to Mali. For the foregoing reasons, the petition for review is DENIED, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.